**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4554**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HELEN JEAN ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior District Judge.   (8:14-cr-00040-HMH-1)

Submitted:  April 26, 2016                Decided:  May 31, 2016

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Helen Jean Anderson pled guilty pursuant to a written plea agreement to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341, 1349 (2012). The district court imposed a within-Guidelines sentence of 105 months' imprisonment and ordered Anderson to pay $407,336.86 in restitution. In accordance with Anders v. California, 386 U.S. 738 (1967), Anderson's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether the district court provided sufficient reasoning for its imposition of a 105-month sentence. Although notified of her right to do so, Anderson has not filed a pro se supplemental brief. We affirm.

Our review of Anderson's sentence is for reasonableness, under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. Although a sentencing court need not issue a comprehensive, detailed opinion explaining the sentence imposed, the sentencing judge should provide an explanation sufficient "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal

decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007) (internal quotation marks omitted); see also United States v. Carter, 564 F.3d 325, 330 ("Th[e] individualized assessment need not be elaborate or lengthy but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." (internal quotation marks omitted)). Our review of the record reveals that the sentencing court properly calculated Anderson's Guidelines range and relied on Anderson's extensive criminal record, the need to protect the public, see 18 U.S.C. § 3553(a)(2)(c), and the seriousness of Anderson's offense compared to the Guidelines range produced as a result of stipulations in Anderson's plea agreement when imposing its sentence. Accordingly, we find no procedural error at sentencing.

Having found no procedural error, we next review for substantive reasonableness, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014). Where the sentence imposed falls within or below the properly-calculated Guidelines range, this court applies a presumption of reasonableness. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Here, nothing

in the record overcomes the presumption of reasonableness attached to the within-Guidelines sentence imposed by the district court.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4